FILED - KZ
February 28, 2013 1:32 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd / ___ Scanned by /m/s/ 2/28

1:13-cv-00228
Janet T. Neff
U.S. District Judge
Ellen S. Carmody
U.S. Magistrate Judge

In the United States District Court
For the Western District of Michigan

**KEVIN D. BRIGGS SR.**

_____

_____

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

**TROY MILES, MICHAEL STADEL, HOWARD AMEY, PATTY DEKEMA, MELODY SKINNER, RONALD GARRETT, BRYAN MCCLAIN, DAN CHANDLER, RICHARD HARING.**

(Enter above the full name of the defendant or defendants in this action.)

**JURY TRIAL DEMANDED**

## COMPLAINT

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the required $350 filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $350 filing fee regardless whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☒

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

_____

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: _____

_____

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? _____

_____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   If so, explain: _____

_____

II. Place of Present Confinement **MARQUETTE BRANCH PRISON**

If the place of present confinement is not the place you were confined when occurrence that is subject of instant lawsuit arose, also list the place you were confined: **KALAMAZOO COUNTY JAIL**

-1-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

KEVIN D. BRIGGS SR.
    Plaintiff,

CASE NO.

v.

TROY MILES, MICHAEL STADEL,
HOWARD AMEY, PATTY DEKEMA,
MELODY SKINNER, RONALD GARRETT,
BRYAN MCCLAIN, DAN CHANDLER,
RICHARD HARING,
    Defendants.

JURY TRIAL DEMANDED

## CIVIL RIGHTS COMPLAINT

**Preliminary Statement:**

This is a civil rights action filed by Kevin D. Briggs Sr., a state prisoner, for damages and relief under 42 U.S.C. §1983, alleging excessive use of force and violation of the Eighth Amendment of the United States Constitution and confinement and conviction in the Michigan Department of Corrections in violation of the Fourteenth Amendment to the United States Constitution. The plaintiff also alleges the torts of Assault and Battery.

**Jurisdiction:**

1. The Court has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

2. The Court has supplemental jurisdiction over the plaintiffs' state law tort claims under 28 U.S.C. §1367.

1

Parties:

3. The plaintiff Kevin D. Briggs Sr., was incarcerated at the Kalamazoo County Jail, 1500 Lamont, Kalamazoo, Mi., 49048 during the events described herein this complaint.

4. Defendants Troy Miles, Michael Stadel, Howard Amey and Patty DeKema are Deputy Sherriffs at the Kalamazoo County Jail, 1500 Lamont, Kalamazoo, Mi., 49048. They are being sued in their individual capacity.

5. Defendants Melody Skinner, Ronald Garrett, and Bryan McClain are Deputy Sherriffs at the Kalamazoo County Jail, 1500 Lamont, Kalamazoo, Mi., 49048. They are being sued in their individual capacity.

6. Defendants Dan Chandler and Richard Haring are or were Seargents (Sgt.) Deputy Sherriffs at the Kalamazoo County Jail, 1500 Lamont, Kalamazoo, Mi. 49048. They are being sued in their individual capacity.

7. All defendants have acted, and/or continue to act, under color of state law at all times relevant to this complaint.

"Statement of Facts"

8. On March 2, 2010, the plaintiff was being removed from the A-North cell #3 when defendant Amey used excessive force to put waist chains on the plaintiff for transfer.

9. Deputies Miles and DeKema held the plaintiff's arms while deputy Amey rammed his shoulder into the plaintiffs' back several times and pulling the waist chains as tight as he could around the plaintiffs' stomach causing the plaintiff to complain of losing his breath and pain in his lower back. Deputy Skinner stood by and watch the plaintiff be assaulted and held by defendants Amey, Miles, and DeKema.

10. The plaintiff repeatedly complained to defendants Miles and Amey that he was light headed and having trouble breathing from the waist chains being too tight around his stomach.

11. The plaintiff fell down from being light headed and light headed from lost of breath, at which time defendant Amey punched the plaintiff in the stomach while he was on the floor, and tried to yank the plaintiff up off the floor.

12. Shortly after several other sherriff's and nursing staff were in the north hallway of the first floor where the plaintiff had fallen down and at that time Sergeant (Sgt.) Chandler told defendant Miles to loosen the waist chains.

13. After the waist chains were loosened, defendant Amey told the plaintiff to walk with him down the hall to the receiving garage area. Once the plaintiff reached the first door to receiving, Deputy Amey punched the plaintiff in the back of the head causing the plaintiff to fall foward and then defendant Amey drugged the plaintiff as he tried to keep his balance through the receiving area, and then out the receiving door leading to the receiving and down the ramp and then to the transport van where defendant Amey shoved the plaintiff inside the transport van onto the floor under the van seats.

14. After the plaintiff was inside the transport van, the van doors were shut and secured.

15. Plaintiff was the only inmate being transported on van #23, therefore the transport van doors were not to reopen until the plaintiff is at his new designated area.

Misuse of force:

16. Several minutes later, after the plaintiff was locked securely on the transport van, defendants Stadel, McClain, and Garrett enter the van with extra restraints.

17. Defendants Amey, Chandler, Haring, and Miles stood outside the van and watched as defendants Stadel, McClain, and Garrett assaulted and applied excessive force on the plaintiffs' being.

18. Defendant Stadel put his hands on the plaintiffs' face and twisted his neck causing pain, then Stadel pulled the plaintiff against his body and then wrapped one of his arms around the plaintiffs' neck and his other arm behind his head and then choked the plaintiff in an illegal choke hold causing the plaintiff to fight for air by twisting and turning struggling to breath.

19. Defendants McClain and Garrett held the plaintiff while deputy Stadel choked him, "for several minutes".

20. Defendant McClain placed 2 sets of leg chains on the plaintiff at the time deputy Stadel started his assault on the plaintiff.

21. Defendant Garrett held a Tazer aimed on the plaintiff at the time deputy Stadel started his assault on the plaintiff.

22. At no time did any of the above named defendants intervene to stop defendants Amey and Stadel assaults and applications of excessive force on the plaintiffs' being.

23. At the end of defendant Stadel assault on the plaintiff, deputy Stadel humiliated the plaintiff by placing a spit mask on the plaintiff and then called him a dumb ass nigger to degrade the plaintiff.

4

24. On March 2, 2010, defendants charged the plaintiff with Police Officer-Assault/Resist/Obstruction 750.81D(2).

25. On March 29, 2010, the plaintiff was arraigned for allegely assaulting deputy Stadel causing injury and risisting and obstructing police officers.

26. On April 29, 2010, the court held preliminary examination on the above charge against the plaintiff.

27. On April 29, 2010, Deputy Stadel testified that he did do an illegal choke hold on the plaintiff on March 2, 2010.

28. On July 9, 2010, the plaintiff was advised by his attorney to plead guilty to a misdameanor attempt Resist and Obstruction to avoid being trapped and rail roaded on false felony charges.

29. The plaintiff asserts he was assaulted and excessive force was applied on his being on March 2, 2010 and that there is video evidence to support his claims.

30. All statements allegedly against the plaintiff are not supported by the Kalamazoo County Jail video, but supports the plaintiff.

## Claims for Relief

31. The actions of defendants Miles, Amey, DeKama, Skinner, Stadel, McClain, and Garrett in using physical excessive force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

5

32. The actions of defendants Miles, Amey, DeKema, Skinner, Stadel, McClain, and Garrett in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Michigan.

33. Defendants Chandler and Haring are supervisors herein this complaint brought forth by the plaintiff.

34. Defendants Chandler and Haring failed to take action to prevent the misuse of ~~excessive~~ force and the tort of assault and battery against the plaintiff.

35. ~~Defendants~~ All Defendants persued felony charges against the plaintiff, which were fabricated and constituted a violation of the plaintiffs' substantive due process rights protected by the Fourteenth Amendment of the United States Constitution.

WHEREFORE, plaintiff requests that the Court grant the following Relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants Miles, Amey, DeKema, Skinner, Stadel, McClain, and Garrett violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendants Chandler and Haring failure to take action to prevent the misuse of force and the tort of assault and battery ~~under~~ violated the plaintiffs' rights under the Eighth Amendment to the United States Constitution and...

6

... constituted an assault and battery under state law.

3. All defendants actions in persuing fabricated felony charges following the use of excessive force and the tort of assault and battery on the plaintiffs' being, violated the plaintiffs' substantive due process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $100,000.00 jointly and severally against defendants Miles, Amey, Dekema, Skinner, Stadel, McClain, and Garrett for the physical and emotional injuries sustained as a result of the plaintiffs' beating.

2. $10,000.00 jointly and severally against all defendants, Miles, Amey, Dekema, Skinner, Stadel, McClain, Garrett, Chandler, and Haring for the punishment and emotional injury resulting from their denial of substantive due process in connection with the plaintiffs' criminal proceeding following misuse of force and assault and battery.

3. $50,000.00 jointly and severally against defendants Chandler and Haring for not enforcing the safety of the plaintiffs rights to be free of cruel and unusual punishment by law enforcement, which is a violation of the Eighth Amendment to the United States Constitution, because Chandler and Haring did not intervene, misuse of force and assault and battery was committed.

C. Award punitive damages in the following amounts:
1. $20,000.00 jointly and severally against defendants Miles, Amey, Dekema, Skinner, Stadel, McClain, and Garrett.
2. $10,000.00 jointly and severally against defendants Chandler and Haring.

D. Grant such other relief as it may appear that the plaintiff is entitled.

Respectfully Submitted,

Dated: February 22, 2013

Kevin D. Briggs Sr.
Kevin D. Briggs Sr. #447282
1960 U.S. Highway 41 South
Marquette, Mi. 49855

## VERIFICATION

I, Kevin D. Briggs Sr. swear under the penalty of perjury that all the above statements herein are true to the best of my information, knowledge, and belief.

Respectfully Submitted,

Dated: 2/25/13

Kevin D. Briggs Sr.

Notary:

8

# PROOF OF SERVICE

I, Kevin D. Briggs Sr., declare that on February 25, 2013 I placed an original copy and copy of the handwritten 42 U.S.C. §1983 in the U.S. mail for service upon:

>Clerk
>U.S. District Court
>B-35 Fed. Bldg.
>410 W. Michigan Ave.
>Kalamazoo, Mi. 49007

Dated: 2/25/13

Respectfully Submitted,

*Kevin D. Briggs Sr.*

Kevin D. Briggs Sr.
#447282
U.S.
1960 Highway 41 South
Marquette, Mi. 49855

9