UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DEVON BRIGGS,

    Plaintiff,

v

TROY MILES, et al.,

    Defendants.
_____/

Case No. 1:13-cv-228

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants[1] subjected him to excessive force and/or failed to protect him from the use of excessive force in violation of his Eighth Amendment rights. Plaintiff also asserts due process claims and state law assault and battery claims. Defendants and Plaintiff both filed motions for summary judgment (Dkts 39, 48, respectively). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant in part and deny in part Defendants' motion and deny Plaintiff's motion (Dkt 81). The matter is presently before the Court on Defendants' Objections (Dkt 83) and Plaintiff's Objections and Second Objections (Dkts 82, 85) to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P.

---

[1] Defendants are Deputy Sheriffs Troy Miles, Michael Stadel, Howard Amey, Patty Dekema, Melody Skinner, Ronald Garrett, Bryan McClain, and Deputy Sheriff Sergeants Dan Chandler and Richard Haring. Defendants note in their objections to the R&R that Defendant McClain's name is incorrectly spelled and should read as "McLain" (Dkt 83 at 2 n.1). Since the parties do not dispute that he is the individual in question, and they have taken no formal action to correct the caption, the Court will refer to Defendant as named on the docket.

72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies Defendants' objections, denies Plaintiff's objections, and issues this Opinion and Order.

## I. Defendants' Objections

Defendants state the following objections to the Report and Recommendation: (1) the Magistrate Judge should have considered Defendants' incident reports for purposes of summary judgment; (2) the Magistrate Judge improperly denied Defendants summary judgment concerning Plaintiff's state law assault and battery claims; (3) Defendants Stadel and McClain are entitled to qualified immunity regarding Plaintiff's excessive force claims, and (4) Defendants Miles, Amey, Chandler, and Haring are entitled to qualified immunity regarding Plaintiff's failure-to-intervene claim (Dkt 83). The Court will address each objection in turn.

### A.

Defendants first argue that the Magistrate Judge should have considered Defendants Amey's, Dekema's, Miles', Stadel's, Garrett's, and McClain's incident reports concerning the event in question that led to this suit. Defendants contend that the incident reports are not inadmissible hearsay because they qualify as public records under the hearsay exception in FED. R. EVID. 803(8), as "factual findings from a legally authorized investigation" (Dkt 83 at 2-3). Defendants also argue that the incident reports need not be in admissible *form*, i.e. authenticated, to be considered on summary judgment; rather, they contend it is the *content* of the reports that must be admissible.

Defendants' objection is without merit. The Magistrate Judge properly declined to consider the copies of Defendants' incident reports, which the Magistrate Judge appropriately characterized as inadmissible hearsay. Although Defendants now argue that the incident reports are admissible

under FED. R. EVID. 803(8), the hearsay exception for public records, Defendants provide no authority directly supporting this contention, and the Court is not so persuaded. Under the circumstances of this case, Defendants' incident reports are self-serving, and thus of questionable trustworthiness. *See* FED. R. EVID. 803(8)(B). Moreover, although Defendants assert that the reports contain the officers' "firsthand" observations, a cursory review of the reports clearly shows that they also report on matters that were not observed firsthand, for example: "I did not observe the following action, however it became known to me that during this process in attempting to restrain BRIGGS, that BRIGGS did head-butt Deputy STADEL in the face area" (Amey Report, Dkt 40-4 at 3). The incident reports also contain other statements that, at least facially, are inadmissible, e.g., "In conclusion and further note, I do have personal knowledge that KEVIN BRIGGS is assaultive toward female staff, as he attempted to assault Deputy LAWRENCE approximately three years ago when he was attempting to be released. During the month of January of 2010, he did flee from Deputies at the Michigan Avenue courthouse when it was discovered that he had a Probation Violation warrant" (Dkt 40-4 at 3). Defendants have failed to show the incident reports constitute admissible evidence. Thus, regardless whether such evidence need not be in admissible *form*, the Magistrate Judge did not err in failing to consider the incident reports, which have not been shown to be admissible in *content*.

B.

Next, Defendants argue that the Court should grant their motion for summary judgment as to Plaintiff's state law assault and battery claims against Deputies Miles, Skinner, Dekema and Garrett and Sergeants Haring and Chandler (Dkt 83 at 5). Defendants argue that because the Magistrate Judge held that Plaintiff's § 1983 excessive force and failure-to-intervene claims failed

3

as to Deputies Skinner, Miles and Dekema with regard to the handcuffing and waist-chain incident, no claim for assault and/or battery charges can succeed against those officers.[2]

Defendants further argue that unlike a § 1983 excessive force claim where the courts have recognized a failure-to-intervene theory of liability for officers not directly involved in the alleged use of force, no similar theory of liability exists in the state-law assault and battery context (Dkt 83 at 6). Thus, even if a question of fact exists as to whether Deputies Stadel and McClain committed an assault and battery while inside the van, it is undisputed that Deputies Miles and Garrett and Sergeants Chandler and Haring did not engage in any contact or other unlawful conduct, did not assault or batter Plaintiff, and the Magistrate Judge erred in denying summary judgment as to these Defendants.

Defendants did not raise these arguments in their motion for summary judgment before the Magistrate Judge (*see* Dkt 40 at 21-23). Absent compelling reasons, a party is not permitted to raise at the district court stage new arguments or issues that were not presented to the Magistrate Judge; these arguments are waived. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). The Magistrate Judge correctly determined that Defendants were not entitled to summary judgment of the state law claims based on governmental immunity (Dkt 81 at 22).

---

[2] The Magistrate Judge relied on Plaintiff's deposition testimony to determine that the excessive force claim against Defendant Dekema must fail because Plaintiff did not assert that she used excessive force (Dkt 81 at 9). Through similar reasoning, the Magistrate Judge determined that any excessive force claims against Defendant Miles must also fail (*id.* at 8-9). However, the Magistrate Judge did not grant summary judgment to Defendants Dekema and Miles concerning the failure-to-intervene claims.

C.

Defendants next argue that Defendants Stadel and McClain are entitled to qualified immunity regarding Plaintiff's excessive force claims (Dkt 83 at 6). Defendants assert that the force Defendant Stadel used was a good faith effort to maintain order, safety, and security, and that by extension, Defendant McClain should similarly receive qualified immunity because he only held Plaintiff down while Defendant Stadel allegedly choked him (*id.* at 8-9). Although Defendants correctly point out that Plaintiff admitted to kicking the door while inside the van, and that Defendant Stadel did not immediately begin choking Plaintiff when he entered the van,[3] their position that "it is clear Plaintiff cannot establish that Defendant Stadel's use of force was not a good faith effort to maintain order, safety, and security" (Dkt 83 at 8) is untenable. The Magistrate Judge properly concluded that genuine issues of fact exist regarding the relevant events and these issues.

Plaintiff testified to a much different version of events than Defendants (*see* Dkt 81 at 16-17). The Magistrate Judge properly concluded that, viewing the facts in Plaintiff's favor, "a reasonable person could easily conclude that Defendant Stadel reacted to Plaintiff's displeasure with Defendant Amey in an unreasonable manner not intended to maintain or restore order, but rather to inflict punishment on Plaintiff" (Dkt 81 at 17). Further, based on the facts viewed in Plaintiff's favor, no reasonable officer could have believed that such conduct was lawful (*id.*). Therefore, the Magistrate Judge properly concluded that Defendant Stadel is not entitled to qualified immunity, and by extension, neither is Defendant McClain. This objection is denied.

---

[3]According to Plaintiff, Defendant Stadel first grabbed Plaintiff's head and "yanked" and "started twisting my head" (Dkt 40-2 at 13, Pl's. Dep. at 61).

D.

Last, Defendants argue that Defendants Miles, Amey, Chandler, and Haring are entitled to qualified immunity as to Plaintiff's failure-to-intervene claims concerning Defendant Stadel's use of a choke-hold on Plaintiff. Defendants' argument relies on their position that "Plaintiff admittedly resisted, yelled, threatened and kicked before the officers entered the van and attempted to subdue him," and thus Defendants Miles, Amey, Chandler, and Haring, who were outside the van at the time, should be entitled to qualified immunity to the extent they may have observed any force used by officers inside the van (Dkt 83 at 10). However, as discussed above, the Magistrate Judge correctly determined that genuine issues of fact exist concerning the events at issue, and whether Defendants Stadel and McClain used excessive force, and more specifically, concerning the timing and extent of Plaintiff's alleged active resistance (*see* R & R at 19-20). Accordingly, the Magistrate Judge properly concluded that Defendants Miles, Amey, Chandler, and Haring are not entitled to qualified immunity as to Plaintiff's failure to intervene claims.

In sum, Defendants' objections to the Report and Recommendation are denied.

## II. Plaintiff's Objections

Plaintiff asserts a series of objections, none of which have merit. The Court will address them in turn.

A.

Plaintiff's first two objections merely re-allege his failure-to-intervene claims against Defendants Miles and Dekema without pointing to any error in the Magistrate Judge's recommendation to dismiss those claims. Because Plaintiff fails to show that the Magistrate Judge's

decision is either "clearly erroneous or contrary to law," these objections are denied. *See* 28 U.S.C. § 636(b)(1)(A); *see also* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

B.

In his third objection, Plaintiff argues that it was improper for the Magistrate Judge to "weigh evidence to grant Defendant Amey summary judgment when there is a genuine issue as to the facts" (Dkt 82 at 2). Plaintiff then recites basic summary judgment principles and legal standards, but fails to identify what purported issue of fact exists. Presumably, the issue of fact relates to Defendant Amey's alleged use of excessive force during the application of the waist chains to Plaintiff. However, the material portions of Plaintiff's and Defendants' testimony concerning this event are not in dispute: Plaintiff conceded in his deposition testimony that he actively resisted while Defendant Amey attempted to secure him with the waist chains, and Defendant Amey responded with proportional and reasonable force; thus, Plaintiff could not show the second prong of the excessive force inquiry, i.e., subjective intent. The Magistrate Judge did not improperly weigh the evidence. In any event, Plaintiff points to no error in the Magistrate Judge's determination that Defendant Amey was entitled to summary judgment as to Plaintiff's first allegation of excessive force. This objection is denied.

C.

Fourth, Plaintiff objects to the Magistrate Judge's decision to grant summary judgment to Defendant Garrett based on an analysis of the excessive force claims. Plaintiff asserts that he also alleged that Garrett failed to intervene when Defendant Stadel used excessive force in administering

7

a choke-hold (Obj., Dkt 82, citing Compl., Dkt 1 at 5, ¶ 19). Plaintiff cites the statement in the Report and Recommendation that "a reasonable person could conclude that Defendants Miles, Amey, Chandler, and Haring observed Defendants Stadel and McClain employing excessive force, had the opportunity and means to stop such, and failed to do so (Obj., Dkt 82 at 3, citing R & R, Dkt 81 at 20). Plaintiff states: "So did Garrett" (Dkt 82 at 3). However, the Report and Recommendation was analyzing Plaintiff's allegation in paragraph 17 of the Complaint, which alleged: "Defendants Amey, Chandler, Haring and Miles stood outside the van and watched as defendants Stadel, McClain and Garrett assaulted and applied excessive force on the plaintiff's being."

Plaintiff thus alleged a direct excessive force claim against Garrett, not a failure-to-intervene claim. And the Magistrate Judge noted that Plaintiff testified in his deposition that his claim of excessive force against Defendant Garrett was based on him aiming a taser at Plaintiff (R & R , Dkt 81 at 15). "An officer, *who did not actively participate in the events alleged*, can nevertheless be held liable for the use of excessive force if he owed the victim a duty of protection against the use of excessive force and failed to satisfy that duty" (R & R, Dkt 81 at 18, citing *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)) (emphasis added)). Here, Plaintiff alleged that Defendant Garrett actively participated in the excessive force. This objection is denied.

D.

In his fifth objection, Plaintiff contends that it was error for the Magistrate Judge to grant summary judgment to Defendant Skinner with regard to Plaintiff's failure-to-intervene claim, and he "incorporates objection #3," for his reasoning. As the Court previously discussed, the Magistrate

Judge did not err in finding that Defendant Amey did not use excessive force when he was applying the waist chains to Defendant. Plaintiff's assertion in his objection, that he did not physically resist Defendant Amey, is contrary to his deposition and does not undermine the Magistrate Judge's conclusion. The Magistrate Judge properly determined that since there was no excessive force, there can be no failure-to-intervene claim for which to hold Defendant Skinner liable on a theory of a failure to intervene. This objection is denied.

E.

Plaintiff's "Second Objections" (Dkt 85) concern the Magistrate Judge's recommendation to grant Defendants summary judgment as to Plaintiff's due process claim, in which he alleges that he was falsely charged with resisting and obstructing a police officer. Plaintiff argues "[he] should have never been charged with a felony" (Dkt 85 at 1), and he provides several excerpts of case law which all hold that a prisoner is not precluded from asserting a substantive due process claim when there are state remedies available. However, the Magistrate Judge did not base her recommendation on Plaintiff's failure to pursue state remedies. Rather, she recommended summary judgment pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[4] Plaintiff contends that *Heck* does not control because he is "not seeking damages for his alleged unconstitutional conviction" (Dkt 85 at 2), yet Plaintiff stated in his complaint that he is seeking compensatory damages in the amount of $10,000 for deprivation of substantive due process (Dkt 1 at 8). Therefore, the Magistrate Judge did not err

---

[4]In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions who[se] unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" (*See* R & R , Dkt 81 at 21, citing *Heck*, 512 U.S. at 486-87).

in applying the *Heck* analysis to Plaintiff's due process claim, and summary judgment in favor of Defendants is proper. Plaintiff's objection is denied.

In sum, Plaintiff's objections to the Report and Recommendation are denied.

### III. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (Dkt 83) and Plaintiff's Objections (Dkts 82, 85) are DENIED, and the Report and Recommendation (Dkt 81) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 39) is GRANTED IN PART and DENIED IN PART; specifically, (1) with respect to Plaintiff's claims that he was subjected to the direct use of excessive force: (a) Defendants Miles, Dekema, and Garrett are granted summary judgment; (b) Defendants McClain and Stadel are not granted summary judgment; and (c) Defendant Amey is granted summary judgment concerning Plaintiff's allegations regarding the application of belly chains and being shoved into the transport van, but Defendant Amey is not granted summary judgment regarding Plaintiff's allegations that Amey punched him in the stomach and back of the head; (2) with respect to Plaintiff's use of excessive force claims based on a failure to intervene, Defendant Skinner is granted summary judgment, but Plaintiff's

claims will go forward against Defendants Miles, Amey, Chandler, and Haring; (3) Defendants are granted summary judgment as to Plaintiff's Fourteenth Amendment Due Process claims; and (4) Defendants are not entitled to immunity with respect to Plaintiff's state law claims..

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 48) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March 12, 2015                             /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge